The opinion of the Court was delivered by
Poché, J.
The object of this suit is to annul and set aside a sale of certain immovable property, made by Mrs. Bowie to her co-defendant, Moore, on the ground that said sale was made with the fraudulent design of removing' said property from the pursuit of Mrs. Bowie’s creditors, and more particularly to injure plaintiffs, who claim to be creditors of the vendor.
The case comes to us on a question of pleading, plaintiffs having-appealed from a judgment maintaining- a peremptory exception pleaded by the defendant, Moore, who urged that the omission of plaintiffs to-allege in their petition the insolvency of A. T. Bowie & Co., their debtors, or of the individual members of said firm, or of the defendant, Mrs. Bowie, as’ an alleged member of said firm, or to allege that such insolvency was known to exceptor, was a fatal error in their pleadings.
The first step necessary to a solution of the point presented to us, is to ascertain the nature’ of the action brought by plaintiffs, and owing to the uncertainty of their averments, this investigation is not free of difficulty.
The petition contains allegations charging- the transaction as an audacious simulation, then as a real, but fraudulent transfer, and again, as a sale of property the value of which was over half in excess of the price paid.
A careful comparison of these varied allegations creates the impression that the real nature ’of the action is a suit “ en declaration de simiolation,” until a reference to the prayer forcibly creates a different impression. The relief prayed for is: “ that said simulated, fraudulent and pretended sale be reversed and set aside.”
Now, as a simulated sale is a shadow, a more nothing, it is impossible to annul, reverse or set aside that which is nothing; and hence,■ we conclude that, in asking the court to annul and set-aside the transaction. complained of, plaintiffs must have conceived in their mind that a sale of some kind had been effected between the defendants; for if they had intended to treat it as a mere simulation, they would have prayed for a decree declaring such a conclusion, and they would have thus characterized their action as “ en declaration de simulation.'''1
They contend that their suit partakes of the character of both the revocatory action and of that in declaration of simulation.
But testing the character of the suit by the prayer in the petition, *325 we conclude that it is a revocatory action, and. shall subject their pleadings to the rules governing such actions.
A compliance with those rules requires that the complaining creditor should allege that the vendor was his debtor, that he wras insolvent or, at least, that he had no other property within the reach of the creditor, that his insolvency was known to the purchaser, and that the intention and effect of the fraudulent sale were to injure the plaintiff, in preventing the recovery of his just claim.
Plaintiffs contend, that by alleging that by the pretended sale, Mrs. Howie “has collusively, fraudulently * * * . transferred her property for a mere nominal consideration to Joseph Moore, to the extreme detriment and injury to petitioners ; * * . that if the .alleged contract be a sale, it is fraudulent, collusive and illegal, and that it is a simulation,” “and that there is no other property in the State belonging to said Mrs. Bowie on which petitioners could exercise their rights as creditors,” they have substantially complied with the requirements of the law regulating the revocatory action.
A conclusive answer to this argument is furnished by their own petition, in which they set forth the source of their claim against Mrs. Bowie, who is charged as being their debtor, for goods sold and furnished to the commercial firm of A. T. Bowie & Co., of which firm she is alleged to have been a member.
It was, therefore, incumbent on them to allege the insolvency of that firm and of the individual members thereof, as-a condition precedent to justify their interference with such a disposition of her property as Mrs. Bowie desired, in the exercise of her legal rights to make; and it was also required of them to allege the knowledge of such a state of insolvency in Moore, before charging him with participation in a collusive and fraudulent transaction calculated to remove Mrs. Bowie’s property beyond the reach of her creditors.
Could it even be shown that their suit was exclusively and clearly an action “ en declaration de simulation” it was yet required of them to allege the insolvency of their debtors, or their inability to collect their debt, without recourse to the property which had been sold to Moore.
Under those fatal omissions, we conclude that the exception was properly maintained. C. C. 1981, 1986; 4 R. 438, N. O. Gas Co. vs. Carroll et als.; 19 A. 290, Abat and Generes vs. Penny et al., and authorities quoted in the last case.
Plaintiffs’ complaint of the refusal of the Judge to allow them to amend their petition, after the dismissal of their action on a peremptory exception of no cause of action, cannot be favorably entertained. The dismissal of a petition which discloses no cause of action, disposes *326 of the suit, anil no amendment, can then be allowed j any amendment under which a cause of action would be disclosed, would undoubtedly change the issue, or rather create an issue where none had yet been presented, and in law and justice the defendant would be entitled to service of the new petition, and to delay for preparation of his defense. 7 N. S. 645, Ursuline Nuns vs. Depassan.
The case of DeBuys vs. Molliere, 2 N. S. 626, quoted by plaintiffs, does not hear them out; the amendment allowed in that case was to-permit the insertion of the given names of the plaintiffs. In the language of that decision: “ The names of the persons composing the firm did not in any respect change the issue.” .
The case of McCubbin vs. Hastings, 27 A. 713, presents an instance where this Court justified an amendment, after the lower court had •maintained a peremptory exception, and seems to support plaintiffs’ theory; hut we are reluctantly compelled to differ with our learned brothers of that bench in this ruling, which we consider as erroneous, even when coupled with the statement that “ amendments are always-allowed at the discretion of the'court.” The stringent rules of the Code of Practice are incompatible with such a construction, C. P. 343, 345; 22 A. 351, 534.
We-note the suggestion of plaintiffs, that the judgment he amended so as to make it one of non-suit. The judgment being one of dismissal on exception, adjudicates nothing on the merits, and does not delta) plaintiffs of the right of filing another action for the same relief.
Let the judgment appealed from he affirmed with costs.